**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| RAVINDER NONE,　　　　　　　　　　　) | |
| 　　Petitioner,　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　) | |
| v.　　　　　　　　　　　　　　　　　) | No. 2:26-cv-02599-SHL-tmp |
| 　　　　　　　　　　　　　　　　　　) | |
| SCOTT LADWIG, Acting Field Office　) | |
| Director of the New Orleans Field Office,　) | |
| U.S. Immigration and Customs Enforcement,　) | |
| 　　Respondent.　　　　　　　　　　　) | |

**ORDER GRANTING PETITION**

Before the Court is Petitioner Ravinder None's Petition for Writ of Habeas Corpus under

28 U.S.C. § 2241, filed May 28, 2026.  (ECF No. 1.)  None is an Indian citizen who unlawfully

entered the United States seeking asylum on May 28, 2024.  (Id. at PageID 1.)  He has resided in

the United States continuously since, and was arrested by Immigration and Customs

Enforcement ("ICE") officers while attending a court hearing in Mississippi.  (Id. at PageID 11.)

He challenges his mandatory detention without bond at the West Tennessee Detention Facility

under 8 U.S.C. § 1225 as violative of the Immigration and Nationality Act and the Fifth

Amendment.  (Id.)  Petitioner seeks immediate release.  Respondent concedes that the Sixth

Circuit's holding in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), "controls the

outcome of this matter."  (ECF No. 11 at PageID 34.)  For the reasons stated below, the Petition

is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

**BACKGROUND**

Petitioner is an Indian citizen who entered the United States without immigration

documentation on May 28, 2024.  (ECF No. 1 at PageID 1.)  Shortly thereafter, immigration

authorities arrested him, served him with a Notice to Appear at immigration proceedings, and

entered an order of release on recognizance ("OREC"), releasing him under specific conditions. (ECF Nos. 1-4 at PageID 25–26; 1-5 at PageID 29–30.)  He has continuously resided in the United States since.  But, on May 12, 2026, Petitioner attended a hearing at the Panola County Courthouse in Mississippi related to a "state-law citation."  (ECF No. 1 at PageID 11.)  After his hearing, he was arrested by Immigration and Customs Enforcement ("ICE") officers, and transferred to the West Tennessee Detention Facility.  (Id.)

Petitioner filed the Petition on May 28, 2026.  He challenges his detention without bond as violative of the Immigration and National Act ("INA") and his Fifth Amendment due process rights.  (Id. at PageID 2–6.)  Petitioner argues that he is unlawfully detained under 8 U.S.C. § 1225(b), when the statute that truly governs his detention is 8 U.S.C. § 1226(a), which allows a noncitizen to obtain a bond hearing before an immigration court.  (Id.)

On June 3, 2026, Respondent filed his response, conceding that Lopez-Campos governs this matter, and Petitioner may obtain a "custody redetermination."  (ECF No. 12 at PageID 74.)

## ANALYSIS

Petitioner challenges his continuing detention in Respondent's custody, arguing that mandatory detention under 8 U.S.C. § 1225(b) does not apply to him, as application of § 1225 to him would be "inconsistent with the detention framework set forth under" § 1226(a).  (ECF No. 1 at PageID 15.)  Specifically, he argues that he was previously released from immigration custody, and, therefore, is not an "arriving alien."  (Id.)  He argues that Respondent infringed on his liberty interest by detaining him without bond, or an individualized review of danger to the community or flight risk, and seeks immediate release.  (Id. at PageID 13, 16.)

Respondent concedes that the Sixth Circuit's holding in Lopez-Campos, 175 F.4th 713, "controls the outcome of this matter."  (ECF No. 12 at PageID 73.)  That decision held "that 8

2

U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not 'seeking admission.'" (Id. at PageID 73–74 (citing Lopez-Campos, 175 F.4th at 732)).)

Nevertheless, Respondent maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief. (ECF No. 12 at PageID 74.) However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); Contreras-Lomeli v. Raycraft, No. 25-cv-12826, 2025 WL 2976739, at *3 (E.D. Mich. Oct. 21, 2025) ("Bond denial appeals 'typically take six months or more to be resolved at the BIA.'" (citation omitted)).

Respondent further contends that, "[i]n accordance with the remedy affirmed in Lopez-Campos, the Court should order that Petitioner be provided a custody redetermination hearing within 10 days, and if that does not occur, Petitioner should be released from custody." (ECF No. 12 at PageID 74–75.) But Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 2026 WL 1283891, at *13. ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside. And the Lopez-Campos court affirmed district court decisions that generally ordered immediate release, or in the alternative, provision of bond hearings. Lopez-Campos, 175 F.4th at 720 ("Following the district courts' orders granting Petitioners' habeas petitions, the government

released every Petitioner without holding a bond hearing—except for Petitioner Ocando-Leon.").

Given the foregoing, Petitioner is entitled to immediate release. See Villafranca Lara v. Ladwig,

No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE

purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond

hearing, the Court will not now order a bond hearing under § 1226(a).").

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara,

2026 WL 401204, and after consideration of the record, the Petition is **GRANTED**.

## **CONCLUSION**

For the reasons stated above, the Petition is **GRANTED**.  Respondents are **ORDERED**

to immediately release Petitioner from custody.  Respondents are **ENJOINED** from pursuing

Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A).  Respondents are further **ORDERED** to

file a Status Report with this Court within **two business days**, to certify compliance with this

Order.

**IT IS SO ORDERED,** this 18th day of June, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE